IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 22-21 |
| BRIAN JAMES KUNSMAN | | |

MEMORANDUM

SCHMEHL, J.  /s/JLS                                                                                       AUGUST 19, 2022

      On January 20, 2022, Defendant was charged by indictment with one count of possession of an unregistered destructive device (a "pipe bomb"), in violation of 18 U.S.C. § 5861(d) and one count of possession of an explosive by a felon, in violation of 18 U.S.C.§§ 842(i)(1), (p), and 844(j). On January 24, 2022, United States Magistrate Judge Pamela A. Carlos, held a bail status hearing during which the Defendant stipulated to pretrial detention [ECF 4]. At the time, Defendant had several Pennsylvania detainers lodged against him. Presently before the Court is the Defendant's Motion for Reconsideration of Pretrial Detention. The Court held a hearing by video on the motion on July 28, 2022, during which Defendant was present and counsel presented argument. For the reasons that follow, the motion is denied.

      The incident giving rise to the indictment occurred on October 15, 2021, when an emergency room nurse attending to Defendant while he was being treated at St. Luke's University Health Network in the Borough of Fountain Hill in Lehigh County, Pennsylvania, discovered Defendant had a "pipe bomb" in his possession.

      This Court has jurisdiction to review the Magistrate Judge's decision under 18 U.S.C. § 3145(a)(1). Pursuant to Section 3145(a)(1), this Court is required to conduct

1

a *de novo* review of the Magistrate Judge's ruling. *See United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985); *see also United States v. Talbert*, No. 20-266, 2020 WL 6048788, at *3 (W.D. Pa. Oct. 13, 2020).

The Bail Reform Act, which governs the issue of pretrial detention, delineates four factors that the Court consider in determining whether conditions of release exist that "will reasonably assure" Defendant's appearance as required and "the safety of any other person and the community":

> (1) the nature and circumstances of the offense charged;
>
> (2) the weight of the evidence against Defendant;
>
> (3) the history and characteristics of Defendant, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (4) the nature and seriousness of the danger to the community posed by Defendant's release.

18 U.S.C. § 3142(g); *see also United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). ("Judicial officers making risk of flight determinations are guided by the factors set forth in § 3142(g)."); *United States v. Miller*, No. Crim.A. 00-103-02, 2000 WL 633048, at *2 (E.D. Pa. May 5, 2000).

The government has the burden of demonstrating risk of flight justifying pre-trial detention by a preponderance of the evidence. *See Himler*, 797 F.2d at 161. The government must show a defendant presents a danger to the community, such that pre-

2

trial detention is warranted, by clear and convincing evidence. *See* 18 U.S.C. § 3142(f); *Himler*, 797 F.2d at 161. Although a rebuttable presumption applies to certain criminal violations, it does not apply in this case. *See* 18 U.S.C. § 3142(e).

Defendant has an extensive criminal history. As detailed by the government, Defendant has the following convictions:

- 07/17/2007 (PA) Forgery (4101(a)(2)) M1 sentenced 4 months to 2 years imprisonment SCI (Lehigh CP-39-CR-0000919-2007) (OTN K24828-5) **[3 POINTS 4A1.1(a)]**

- 04/12/2007 (PA) Retail Theft (3929(a)(1)) M1 sentenced 2 to 23 months imprisonment (Bucks CP-09-CR0001519-2007) (OTN K414195-5) **[3 POINTS 4A1.1(a)]**

- 09/20/2007 (PA) Possession of Contraband (controlled substance) in prison (5123(a)(2)) F2, sentenced 1 to 2 years imprisonment SCI, Solicitation to Poss. Contraband in prison (902(a)/5123(a)(2)) F2 sentenced 3 years state probation (aggregate sentence 1-2 years SCI, + 3 years state probation) (Bucks CP-09- CR-0005009-2007) (OTN K628439-0) **[3 POINTS 4A1.1(a)]**

- 03/27/2013 (PA) DUI (3802(d)(3)) M sentenced 3 to 6 months imprisonment (Bucks CP-09-CR-0007905-2007) (OTN L717288-5) **[2 POINTS 4A1.1(b)]**

- 11/21/2013 (PA) DUI (3802(d)(1)) M1 sentenced 2 months, 28 days to 1 year, 11 months imprisonment, Driving w/suspended license DUI related (1543(b)) S sentenced to 90 days imprisonment (Bucks CP-09-CR-0006172-2013) (OTN L91689-3) **[3 POINTS 4A1.1(a)]**

3

- 11/21/2013 (PA) Retail Theft (3929(a)(1)) M1 sentenced 18 months to 3 years imprisonment SCI, + 12 months probation (Bucks CP-09-CR-0007071-2013) (OTN T378706-6) **[3 POINTS 4A1.1(a)]**

- 05/15/2017 (PA) Possession with intent to distribute F sentenced to 2 to 4 years imprisonment SCI (Bucks CP-09-CR-0006896) **[3 POINTS 4A1.1(a)]**

- 08/03/2021 (PA) Illegal Ignition System (3808(a)(1)) M sentenced 2 months, 28 days of county probation concurrent to, Disorderly Conduct (5503(a)(4)) M3 sentenced 1 year county probation (Bucks CP-09-CR-0002663-2020) (OTN X311619-0) **[1 POINT 4A1.1(c)]**

ECF 15 at p. 7. (emphasis in original.)

In addition, according to the government, Defendant also has the following convictions that do not figure in his criminal history points because the sentences were either imposed more than ten years ago or the misdemeanor offense did not receive a sentence of more than a fine:

- 10/02/1996 (PA) – Terroristic Threats (2706) M1 sentenced 2 years county probation (Montco. CP-46-CR-0000404-1996) (OTN E486678-3) **[0 POINTS** (4A1.2(e) (sentence was imposed more than 10 years prior to instant offense)**]**

- 01/17/1997 (PA) – Theft (3921(a)) M1 sentenced 3 years county probation (Montco. CP-46-CR-0012408-1996) (OTN E486771-5) **[0 POINTS** (4A1.2(e) (sentence was imposed more than 10 years prior to instant offense)**]**

- 08/27/20003 (PA) – Poss Drug Para (780-113(a)(32)) M sentenced 1 year county probation (Montco. CP-46-CR-0003462-2003) (OTN H475167-0) **[0 POINTS** (4A1.2(e) (sentence was imposed more than 10 years prior to instant offense)]

- 04/05/2005 (PA) – Theft (3921(a)), RSP (3925(a)), Forgery (4101(a)(2)) sentenced 18 months county probation (Bucks CP-09-CR-0000508) (OTN K0618667-1) **[0 POINTS** (4A1.2(e) (sentence was imposed more than 10 years prior to instant offense)]

- 08/11/2021 (PA) Possession Drug Para (780-113(a)(32)) M fined $150 (Norco. CP-48-CR-0002530-2021) (OTN R153281-2) **[0 POINTS]**

- 08/11/2021 (PA) Possession Drug Para (780-113(a)(32)) M, Possession Small Amount Marijuana (780-113(a)(3)) M fined $200 **[0 POINTS]**

ECF 15 at p. 8. (emphasis in original.)

After a *de novo* review, the Court finds that the government has proven by clear and convincing evidence that as a convicted felon with an extensive criminal history involving theft, forgery and illegal drugs and who is currently charged with the unregistered possession of a pipe bomb in a public place, Defendant.is an obvious danger to the community.

The Court also finds that the government has proven by a preponderance of the evidence that no condition or combination of conditions will secure the Defendant's appearance as required.

Defendant admits that he is unemployed with no financial ties to the community. If convicted of the charges in the indictment, Defendant faces a significant term of imprisonment. The Court recognizes the United States Sentencing Guidelines are only advisory. The Court notes, however, that the government asserts that the advisory guideline sentence for Defendant, if convicted at trial and based on a Criminal History of VI, is 84 to 105 months of imprisonment. Despite his criminal history, Defendant has never been faced with such a daunting sentence. Further, the evidence against the Defendant, as outlined at length in the indictment, is strong and includes witness testimony, photographs and forensic evidence. As a result, Defendant would have every incentive to flee the Court's jurisdiction.

Defendant argues that he should be released because he is suffering from serious medical issues while incarcerated at Lehigh County Jail, including migraine headaches and abdominal issues. Defendant argues that Lehigh County Jail is not equipped to provide proper treatment.

At the conclusion of the hearing on July 28, 2022, the Court directed defense counsel to submit any of Defendant's medical records to support Defendant's position. To date, the Court has received nothing from defense counsel. In addition, the government points out that on May 19, 2022, Defendant was evaluated by a licensed professional nurse at Lehigh County Jail after he complained of headaches. The government further advises that on May 24, 2022, Defendant was treated by a physician's assistant, and prescribed medication, with a 30-day follow-up evaluation ordered for June 24, 2022. In the absence of any medical evidence to the contrary, it appears that Defendant's maladies can adequately be treated at Lehigh County Jail.